**SO ORDERED.**

**SIGNED this 04 day of August, 2006.**

_____
                                         **A. Thomas Small**
                                         **United States Bankruptcy Judge**

_____

```
                  UNITED STATES BANKRUPTCY COURT
                  EASTERN DISTRICT OF NORTH CAROLINA
                         RALEIGH DIVISION

IN RE:                                       CASE NO.

KEVIN ASHLEY BYRD                            06-00405-5-ATS

        DEBTOR
```

**ORDER REGARDING REQUEST FOR CONFIRMATION OF ABSENCE OF STAY**

The matter before the court is the motion filed by DaimlerChrysler Financial Services Americas, LLC to confirm the absence of the automatic stay in the chapter 7 case of Kevin Ashley Byrd.

Mr. Byrd filed a petition for relief under chapter 7 of the Bankruptcy Code on March 24, 2006. DaimlerChrysler is a secured creditor with a lien on the debtor's 2005 Chrysler PT Cruiser. DaimlerChrysler filed the motion requesting that the court enter an order "confirming the absence of the automatic stay, and declaring that DaimlerChrysler is entitled to exercise all rights under state and/or federal law, which are not inconsistent with Title 11 of the United States Code." The motion was served on the debtor, counsel for the debtor and the chapter 7 trustee. The debtor's discharge was entered on June 27, 2006, before the time expired for filing a response to the

motion.  Neither the debtor nor the trustee filed a response to the motion.

DaimlerChrysler contends that the automatic stay has been terminated pursuant to § 362(h)(1) and § 521(a)(6), but there is no section of the Bankruptcy Code that specifically authorizes the court to enter the order requested.  Section 362(j) provides that "[o]n request of a party in interest, the court shall issue an order under subsection [362] (c) confirming that the automatic stay has been terminated."  11 U.S.C. § 362(j) (2005).  Section 362(c) sets forth circumstances in which the automatic stay is terminated, but § 362(c) specifically excludes the circumstances described in § 362(h).[1]  11 U.S.C. § 362(c) (2005).  There also is no section similar to § 362(j) that provides for an order confirming that the automatic stay has been terminated pursuant to § 521(a)(6).

Notwithstanding the lack of specific authority authorizing the order requested, the court has the authority to enter such an order pursuant to § 105(a).  The court exercises its discretion to enter the type of order requested by DaimlerChrysler on a case-by-case basis.  In this case the automatic stay was terminated, except with respect to an act against property of the estate, on June 27, 2006, when the debtor's discharge was entered.  11 U.S.C. § 362(c)(2)(C).

---

[1] Section 362(c) begins by excluding several subsections, including § 362(h).

DaimlerChrysler contends that the stay was terminated pursuant to § 521(a)(6). However, DaimlerChrysler has not shown that § 521(a)(6) is applicable to the facts of this case. Section 521(a)(6) only applies if the secured creditor has "an allowed claim for the purchase price." 11 U.S.C. § 521(a)(6) (2005). DaimlerChrysler has not filed a proof of claim and does not have an allowed claim. Furthermore, the amount of the indebtedness secured by the automobile is not equal to the purchase price. Section 521(a)(6) thus does not apply. See In re Donald, 343 B.R. 524, 536 (Bankr. E.D.N.C. 2006).

DaimlerChrysler also maintains that the automatic stay is terminated by § 362(h)(1). Section 362(h)(1) generally requires an individual chapter 7 debtor who intends to keep personal property subject to a security interest to (1) file a statement of intention under § 521(a)(2)(A) indicating an intention to redeem or to reaffirm the debt, and (2) perform that intention, as required by § 521(a)(2)(B), within 30 days after the first date set for the meeting of creditors.  Mr. Byrd filed a statement of intention under § 521(a)(2)(A) in which he indicated his intention to reaffirm the debt. However, according to DaimlerChrysler, the debtor never signed the reaffirmation agreement.

No reaffirmation agreement was filed with the court, but that is not a requirement of either § 362(h)(1) or of § 521(a)(2)(B). The court has no way of knowing whether or not the debtor signed the

3

reaffirmation agreement, but will assume from the debtor's failure to file a response to the motion that the allegation that he did not sign the reaffirmation agreement is correct.

Since the debtor did not sign the reaffirmation agreement, he did not perform his stated intention to reaffirm the debt as required by § 521(a)(2)(B) and § 362(h)(1)(A).  The consequence of the debtor's failure to reaffirm the debt is, according to § 362(h)(1), that "the stay provided by subsection [362] (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim . . . and such personal property shall no longer be property of the estate."  11 U.S.C. § 362(h)(1).

Based on the foregoing, the court **CONFIRMS** that as to Daimler-Chrysler, the automatic stay of § 362(a) has been terminated with respect to its claim secured by the debtor's 2005 Chrysler PT Cruiser, and the Chrysler PT Cruiser is no longer property of the estate.

DaimlerChrysler also requests the court to enter an order "declaring that DaimlerChrysler is entitled to exercise all rights under state and/or federal law, which are not inconsistent with Title 11 of the United States Code."  The court does not know what state and/or federal laws DaimlerChrysler is referring to, or what actions it intends to pursue, and for that reason, the court is not willing to provide that declaration.

As the court stated earlier, the court in entering this type of order (sometimes referred to colloquially as a "comfort" order) has exercised its discretion under § 105(a).  Entry of this order, in this case, should not be viewed by DaimlerChrysler or any other creditor as an indication that the court will continue to enter these orders in the future.

**END OF DOCUMENT**